# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ELSA T. ABRAHAM,

    Plaintiff,

v.

GOLD CROWN MANAGEMENT LLC,

    Defendant.

Case No. 18-2410-CM-TJJ

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se and in forma pauperis,[1] has filed a Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 4). For the reasons set forth below, the Court denies the motion.

Plaintiff filed this employment discrimination action on August 13, 2018. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. She claims she was harassed because of her race, religion, national origin, and age during her employment. On October 4, 2018, Defendant filed a motion to dismiss because the complaint was not filed timely and for failure to state a claim.[2]

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[3] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court

---

[1] *See* ECF No. 5.

[2] ECF No. 10.

[3] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

may appoint counsel "in such circumstances as the court may deem just."[4]

The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, and (3) meritorious allegations of discrimination."[5] In addition, a fourth factor, "plaintiff's capacity to present the case without counsel" should be considered in close cases as an aid in exercising discretion.[6] The Court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[7]

In considering these factors, Plaintiff has met the first two factors by showing an inability to pay for counsel and that she has made diligent, but unsuccessful, attempts to secure counsel on her own before requesting counsel. However, based on the allegations set forth in Plaintiff's complaint, it is unclear at this time that Plaintiff has asserted any meritorious allegations of discrimination. Additionally, Defendant has filed a motion to dismiss arguing Plaintiff's complaint was not filed timely and that Plaintiff has failed to state a claim. A court may decide to postpone the decision to appoint counsel until after the resolution of a dispositive motion "as a means of weeding out frivolous or unmeritorious cases."[8] At this time, based on the factors for

---

[4] 42 U.S.C. § 2000e-5(f)(1).

[5] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[6] *Id.*

[7] *Id.*

[8] *Lewis v. Frontier AG, Inc.*, No. 14-2010-JTM-GLR, 2014 WL 644970, at *2–3 (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

appointment of counsel and the timing of Plaintiff's request, Plaintiff's motion is denied. If it becomes apparent that appointed counsel is necessary as this case progresses, Plaintiff may renew her motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated October 24, 2018, at Kansas City, Kansas.

                                                                                          /s/ Teresa J. James
                                                                                          Teresa J. James
                                                                                          U. S. Magistrate Judge