# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ELSA T. ABRAHAM,** *also known as* **ELSA ABRAHA,**

    **Plaintiff,**

v.

**GOLD CROWN MANAGEMENT LLC,**

    **Defendant.**

Case No. 18-2410-DDC-TJJ

## MEMORANDUM AND ORDER

On August 13, 2018, plaintiff Elsa Abraham filed this employment discrimination lawsuit against defendant Gold Crown Management. Defendant has filed a Motion to Dismiss. Doc. 10. Defendant asks the court to dismiss plaintiff's lawsuit for two reasons. First, defendant argues, the court should dismiss the Complaint because plaintiff did not file it within 90 days of plaintiff receiving her right to sue letter. Thus, defendant contends, plaintiff's claims are time-barred. Second, defendant argues, the Complaint fails to state a plausible claim for relief as required by Federal Rule of Civil Procedure 8. As explained below, the court agrees that the Complaint fails to state a plausible claim for relief. But the court grants plaintiff leave to file an amended complaint curing the various deficiencies identified in this Order. Thus, the court denies defendant's Motion to Dismiss but without prejudice to refiling a motion on an amended complaint, if plaintiff files one.

## I. Factual Background

Pro se plaintiff[1] Elsa Abraham filed her Complaint with our court on August 13, 2018, using the court's form for a pro se Employment Discrimination Complaint. Doc. 1. The Complaint is difficult to understand. But, as best the court can discern, plaintiff alleges that defendant used to employ her. She asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*; and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq. Id.* at 1. Under the section in the Complaint called "Nature of the Case," plaintiff identifies the conduct she complains of in this lawsuit by checking the boxes for "termination of [her] employment," "failure to promote [her]," "failure to accommodate [her] disability," "terms and conditions of [her] employment differ from those of similar employees," "retaliation," "harassment," "reduction in wages," and "other conduct" handwritten as "Title VII American w/ Disabilities." *Id.* at 3. Plaintiff asserts defendant discriminated against her because of her race, religion, national origin, gender, disability or perceived disability, and age. *Id.* She identifies herself as black, Christian, Eritrean,[2] female, with PTSD/depression as a disability, and born in 1959. *Id.*

In the part of the form B Complaint asking plaintiff to state "briefly and clearly as possible, the essential facts of [her] claim," plaintiff provides the following response:

---

[1] Because plaintiff proceeds pro se, the court construes her pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

[2] Eritrea was a republic in northeast Africa between 1890 and 1941. It then was a province of Ethiopia before achieving independent status in 1993.

> During my employment, I was harassed by the management. Including insults, because of my race, religion and my national origin. Similarly harassed with others [based on] my sex as a female, age as well. Under pay and garnished my pay check. Rental agreement was revoked for no reason. All in all at work and my residence which is owned by them.

*Id.* at 3–4.

The Complaint states that plaintiff no longer works for defendant. *Id.* at 4. But, at the same time, she alleges that defendant still is committing the alleged unlawful acts. *Id.* Plaintiff asserts that defendant denied her request for a reasonable accommodation for her disability. *Id.* In the space provided to explain, she alleges: "Did not allow me to work regular work schedule, and retaliated against me daily." *Id.* Plaintiff seeks money damages for "deterioration of mental health," all lost wages, relocation fees, and all costs for the case. *Id.* at 5.

Plaintiff alleges that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission on April 26, 2018. *Id.* at 2. But she has attached to her Complaint a different charge of discrimination—one she filed with the EEOC four years earlier in 2014. Doc. 1-1 at 2. It lists the Charge Number as 563-2014-01521 ("the 2014 Charge").

Plaintiff also attached a right to sue letter. Doc. 1-1 at 1. It addresses a different charge of discrimination than the EEOC charge attached to the Complaint as Doc.1-1 at 2, *i.e.* Charge Number 563-2018-01555 ("the 2018 Charge"). *Id.* at 1. This right to sue letter is dated May 15, 2018. *Id.*

## II. Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the

3

Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the factual allegations in the complaint are true. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

### III.   Analysis

The court addresses defendant's two dismissal arguments, in turn, below.

## A. Timeliness

Defendant first asserts that the court should dismiss plaintiff's Complaint because it was not timely filed. Section § 2000e-5(f)(1) of Title 42 of the United States Code provides that "within ninety days after the giving of [the EEOC's right to sue letter] a civil action may be brought against the respondent named in the charge." If a plaintiff does not bring a lawsuit within 90 days after receiving the right to sue letter, plaintiff's claims are time-barred. *See Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1161 (10th Cir. 2018) (explaining that plaintiff's "'window' to sue closed" 90 days after the EEOC issued its right to sue letter); *see also Tadlock v. Marshall Cty. HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) ("If the claimant fails to file suit within 90 days, the claims alleged in the EEOC charge are foreclosed . . . .").

Plaintiff's Opposition filed in response to the Motion to Dismiss (Doc. 11) does not respond to defendant's argument that her Complaint is untimely. But the docket and plaintiff's filings show that she filed her Complaint within 90 days of receiving the EEOC's right to sue letter for her 2018 Charge. The right to sue letter is dated May 15, 2018. Doc. 1-1 at 1. And plaintiff filed her case on August 13, 2018—exactly 90 days later. Doc. 1.

It appears that defendant premises its motion to dismiss on the assertion that plaintiff filed her Complaint on August 18, 2018. Doc. 10 at 2. But the court's docket reflects the August 13 filing date. Plaintiff thus timely filed her Complaint.

## B. Failure to State a Claim

Next, defendant asserts that plaintiff's Complaint fails to state a claim for relief as Rule 8 requires because it does not contain a "a short and plain statement of the claim showing that the pleader is entitled to relief." Also, in this section of defendant's motion, defendant raises a failure-to-exhaust argument. Defendant contends that plaintiff's Complaint does not contain the

same allegations she asserted in the charge of discrimination attached her to Complaint—*i.e.*, the 2014 Charge.

The failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional bar to suit. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). The exhaustion rule has two principal purposes: (1) "to give notice of the alleged violation to the charged party;" and (2) "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (citations and internal quotation marks omitted). Thus, to promote the purposes of the exhaustion rule, "plaintiff's claim in court 'is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'" *Id.* (quoting *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)). Although courts "'liberally construe' the plaintiff's allegations in the EEOC charge, 'the *charge* must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]'" *Id.* (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007)). "The ultimate question is whether the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge]." *Id.* at 1164–65 (citations and internal quotation marks omitted).

Here, the court cannot discern what plaintiff alleged in her 2018 Charge because she didn't attach it to her Complaint. As discussed below, the court will grant plaintiff leave to amend her Complaint to cure the deficiencies identified in this Order. One deficiency is that plaintiff has alleged that she filed a charge of discrimination with the EEOC on April 26, 2018, but she has attached a different charge of discrimination to her Complaint—the charge she filed

6

in 2014.  If plaintiff chooses to refile an amended complaint, the court directs plaintiff to correct this error by removing the 2014 Charge and confining her claims to those that she asserted and exhausted in her 2018 Charge—*i.e.*, the 2018 Charge that corresponds to the May 15, 2018, right to sue letter (Doc. 1-1 at 1).

Also, the court agrees with defendant that plaintiff's Complaint—as currently pleaded—fails to state a claim for relief as Rule 8 requires.  And plaintiff's Opposition to the Motion to Dismiss (Doc. 11) provides no substantive response to this argument.  Plaintiff's one-page Opposition refers twice to defendant as the "Skeltons." *Id.* at 1.  The court doesn't understand this reference.  Plaintiff's Complaint never identifies anyone as "Skeltons."  And that is not the name of defendant's counsel or law firm.  In any event, plaintiff's Opposition merely asserts that "Defendant[']s Motion is premised upon a narrow analysis of The Americans with Disabilities Act.  Plaintiff Elsa Abraham included facts in the original Complaint filed with the Courts." *Id.*  This is just wrong.

Plaintiff's Complaint just makes conclusory assertions that:  (1) defendant's "management" harassed her during her employment with insults based on her race, religion, and national origin; (2) "others" harassed plaintiff based on her sex and age; (3) defendant underpaid plaintiff, garnished her paycheck, and revoked her rental agreement; and (4) defendant did not allow plaintiff to work a regular work schedule.  Doc. 1 at 3–4.  These conclusory recitals are the type deemed insufficient to plead a plausible claim under the *Twombly/Iqbal* standard.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012) (affirming dismissal of plaintiff's Title VII and FMLA claims under Rule 12(b)(6) when plaintiff based her claims "solely on the fact that she is Muslim and Arab-American, that she complained about discrimination, that she complained about the denial of FMLA leave, and that Defendant

terminated her," but provided nothing other than "sheer speculation to link" defendant's actions to a discriminatory or retaliatory motive).

As defendant's motion correctly asserts, plaintiff's Complaint provides no facts supporting her conclusory assertions that defendant discriminated against her based on her race, religion, national origin, sex, disability, or age. For example, plaintiff's Complaint fails to identify or describe (1) the "management" or "others" who harassed and insulted her; (2) the acts of harassment, insult, or discrimination that establish a plausible basis for plaintiff's claim that these acts were based on plaintiff's race, religion, national origin, sex, disability, or age; (3) the dates when and locations where these acts occurred; (4) the dates when and the locations where plaintiff worked for defendant; (5) plaintiff's job duties; (6) the nature of plaintiff's disability and how it adversely affected one of her major life activities; (7) the date and circumstances when plaintiff told defendant about her disability; (8) the date when plaintiff asked defendant to accommodate her disability; or (8) the type of accommodation plaintiff requested. Doc. 10 at 4.

While the court understands that, at the beginning of a suit, a plaintiff may not know every fact that could support her claims, "the *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." *Id.* at 1193. Plaintiff should possess knowledge about the information described in this paragraph and the one before it. And she must include that kind of information in her Complaint to state plausible discrimination claims against defendant. Without it, plaintiff's "general assertions of discrimination . . . without any details whatsoever . . . are insufficient to survive a motion to dismiss." *Id.*

Although plaintiff never requests leave to amend, the court recognizes that plaintiff possibly could overcome her pleading deficiencies by amending her claims to provide sufficient

factual detail to state a plausible claim for relief under Rule 8.  Also, plaintiff proceeds pro se and in forma pauperis.  Docs. 1, 5.  So, the court will give her an opportunity to file an amended complaint.  *See, e.g.*, *Collier v. AT&T, Inc.*, No. 17-2341-JAR-GLR, 2017 WL 4284868, at *5 (D. Kan. Sept. 27, 2017) (explaining that a pro se litigant bringing suit in forma pauperis is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect).  **The court directs plaintiff to file an amended complaint providing the factual allegations required by this Order.  If she plans to file an amended complaint, she must file it on or before February 1, 2019.  If plaintiff does not file an amended complaint by this date, the court will dismiss this case in its entirety.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Gold Crown Management LLC's Motion to Dismiss (Doc. 10) is denied but without prejudice to refiling another motion to dismiss directed at an amended complaint, if plaintiff files one by February 1, 2019.

**IT IS FURTHER ORDERED THAT** plaintiff is granted leave to amend her Complaint to cure the defects identified in this Order—specifically:  (1) to remove the Charge of Discrimination that she filed in 2014 because it does not correspond to the 2018 right to sue letter for Charge No. 563-2018-01555; and (2) to provide sufficient factual detail of her claims to state a plausible claim for relief under Rule 8.  **If plaintiff fails to file an amended complaint on or before February 1, 2019, the court will dismiss this case in its entirety.**

**IT IS SO ORDERED.**

**Dated this 11th day of January, 2019, at Kansas City, Kansas.**

                                                      **s/ Daniel D. Crabtree**
                                                      **Daniel D. Crabtree**
                                                      **United States District Judge**