### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELSA T. ABRAHAM,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GOLD CROWN MANAGEMENT, LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 18-2410-CM-TJJ |

### DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S "MOTION FOR EXTENDED TIME" AND OTHER IMPROPER PLEADINGS

COMES NOW Defendant Gold Crown Management, LLC ("GCM") and respectfully submits herewith its opposition Plaintiff's untimely filed "Motion for Extended Time" (Doc #23) and Plaintiff's untimely and unauthorized filing of "Opposition to Dismiss" (Doc #24), both of which pleadings were filed on February 20, 2019 without leave of Court in a case that was dismissed on February 6, 2019.

### SUGGESTIONS IN OPPOSITION

The unauthorized and improper filings identified above (Doc #23 and Doc #24) should not be accepted by this Court nor should any relief requested by Ms. Abraham be granted.

Succinctly put, there is no case presently pending before this Court as to which either the "Motion to Extend Time" or the "Opposition to Dismiss" have been properly filed or are presently ripe for determination by this Court.  This Court's Order entered on February 6 (Doc #21) dismissing Plaintiff's Complaint with Prejudice has not been vacated or withdrawn by this Court, nor did Plaintiff timely request the Court to reconsider, withdraw or modify the Order.

Instead, having disregarded this Court's Order of January 11, 2019 (Doc #17), giving Plaintiff until February 1 to file an Amended Complaint, Ms. Abraham now apparently believes that she can simply file pleadings without leave of court to do so in a case that has been dismissed.

Neither the Motion to Extend Time nor the Opposition to the Motion to Dismiss recite any "good cause" for Ms. Abraham's failure to have filed an Amended Complaint by February 1 or even to have sought an extension of time before the February 1 deadline. Clearly, the "Opposition to Dismiss" is particularly perplexing in that the relief sought in the Opposition to the Motion to Dismiss seeks the right to file an Amended Complaint, which is precisely the relief the Court had granted Ms. Abraham in its prior Order (Doc #21) which Ms. Abraham blatantly disregarded, apparently without good cause.

Defending cases brought by pro se plaintiffs is always difficult. It is like playing basketball with an opponent who not only does not know the rules but, worse yet, refuses to acknowledge that the rules apply to her. Whereas pro se plaintiffs should be, and in this case have been, given a bit of latitude, pro se plaintiffs should not be permitted to run roughshod over the rules thereby disadvantaging a party represented by counsel.

Whereas Ms. Abraham is not paying any attorney's fees and does not seem constrained to comply with the rules or Court Orders, the same cannot be said for Defendant. Every time Ms. Abraham violates the rules or disregards one of this Court's Orders, Defendant is disadvantaged both by Ms. Abraham's misconduct and also by the fact that Defendant must pay attorney's fees in order to respond to and protect against adverse consequences of Ms. Abraham's misconduct.

If a party represented by counsel had engaged in the palpable disregard for rules and this Court's Orders as Ms. Abraham has done, there is a high likelihood that this Court would have

little tolerance for such behavior. Though Ms. Abraham proceeds pro se, Ms. Abraham has not provided this Court any plausible factual reasons for finding that her failure to file the Amended Complaint or the failure to have even sought additional time to do so within the time this Court previously granted should be condoned by this Court.

Suffice it to say, as this Court has previously concluded, Ms. Abraham's Complaint is both incomprehensible and, on its face, legally insufficient. Further, Ms. Abraham has still not filed and served her initial Rule 26 disclosures which might shed light on her deficient Complaint. Ms. Abraham's Charge (or perhaps multiple Charges) of discrimination have been dismissed and it is now time that Ms. Abraham's further efforts to harass and disadvantage Defendant come to an end.

Ms. Abraham has no one but herself to blame for her abject failure to familiarize herself with, understand and attempt even a modicum of good faith compliance with rules of procedure necessary to take advantage of the access to Federal Courts this Court has given her. Quite the contrary, it is readily apparent that Ms. Abraham is either unable or unwilling to "play by the rules" and this Court's Orders, or even to try to do so.

Defendant respectfully suggests that, when access to the Courts morphs into abuse of the system, it is both necessary and appropriate for the Court to determine that enough is enough.

While, because the case was dismissed February 6, there is not even a case before this Court upon which either of the above-referenced pleadings are permissible and there is, therefore, nothing for this Court to consider, Defendant has filed this Opposition so as not to be deemed to have consented to Ms. Abraham's untimely and unauthorized request for relief or to have waived opposition.

WHEREFORE, Defendant respectfully prays for this Court's Order disregarding or striking the pleadings and/or denying the relief sought and for any other relief deemed appropriate by the Court.

WYRSCH HOBBS MIRAKIAN, P.C.

/s/ Stephen G. Mirakian
Stephen G. Mirakian                KS #29998
One Kansas City Place
1200 Main Street, Suite 2110
Kansas City, MO 64105
Phone: 816-221-0080
Fax:  816-221-3280
smirakian@whmlaw.net

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2019, a true and correct copy of the above referenced document was electronically filed with the court using ECF Filing, and a copy was emailed and mailed to the following:

> Elsa T. Abraham
> 7840 Marty, #410
> Overland Park, KS 66204
> romiteeone79@gmail.com
> Plaintiff

And to

> Elsa T. Abraham
> 7000 N Buckingham Sq, # 208C
> Columbia, MO 65202
> Plaintiff

/s/ Stephen G. Mirakian
Attorney for Defendant
