# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ELSA T. ABRAHAM,** *also known as* **ELSA ABRAHA,**

      **Plaintiff,**

v.

**GOLD CROWN MANAGEMENT LLC,**

      **Defendant.**

Case No. 18-2410-DDC-TJJ

## MEMORANDUM AND ORDER

On February 6, 2019, the court dismissed this case. Doc. 21. The court did so because pro se plaintiff Elsa T. Abraham had failed to file an Amended Complaint by February 1, 2019, as the court had directed her to do, after it had concluded that plaintiff's original Complaint failed to state a claim for relief. *See id.* The court also entered a Judgment dismissing plaintiff's case. Doc. 22.

On February 20, 2019, plaintiff filed two documents with the court.[1] First, plaintiff filed a "Motion for Extended Time." Doc. 23. This one-page motion asks the court to extend plaintiff's time for filing an Amended Complaint to March 15, 2019. Second, plaintiff filed an "Opposition to Dismiss." Doc. 24. This one-page filing recites that plaintiff "[has] not received any letters from the court in regards to Amended Complaint to be filed with the courts." *Id.* at 1.

---

[1] Because plaintiff proceeds pro se, the court construes her filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

The docket reflects, however, that the Clerk of the Court has mailed all filings in this case to plaintiff by regular mail to the mailing address she has provided to the court. *See, e.g.*, Docs. 12, 14, 17, 19, 21, 22. Plaintiff's "Opposition to Dismiss" also asks the court to grant plaintiff an extension of time until March 15, 2019, to file her Amended Complaint. Doc. 24 at 1. Defendant has filed a Response opposing plaintiff's motion seeking an extension of time. Doc. 25.

Because plaintiff has filed her motion after the court has entered Judgment in the case, the court construes her motion either as one made under Federal Rule of Civil Procedure 59(e)—asking the court to alter or amend a judgment—or one seeking relief from a final judgment under Federal Rule of Civil Procedure 60(b).

Rule 59(e) allows a court to grant a motion to alter or amend a judgment "only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D. Kan. 2006), *aff'd* 260 F. App'x 98 (10th Cir. 2008). Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (citations and internal quotation marks omitted). A losing party may not invoke Rule 60(b) to rehash or restate issues already addressed, or present new arguments that the party could have

raised in earlier filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992) (explaining that a party may not invoke Rule 60(b) to revisit issues already addressed or "advanc[e] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed" (citation and internal quotation marks omitted)). And, the party seeking relief from a judgment bears the burden to demonstrate the prerequisites entitling her to such relief. *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.").

Here, the only reason plaintiff provides for the court to grant her the relief she seeks is that—she contends—she "[has] not received any letters from the court in regards to Amended Complaint to be filed with the courts." Doc. 24 at 1. Based on this conclusory assertion, the court could set aside the Judgment under Rule 60(b)(1), if it finds that plaintiff failed to file her Amended Complaint in a timely manner because of "excusable neglect." Fed. R. Civ. P. 60(b)(1). Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 392 (1993) (citations and internal quotation marks omitted). But, a party's "inadvertence, ignorance of the rules, or mistakes concerning the rules do not usually constitute 'excusable' neglect." *Id.*

The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The factors to consider when making this determination include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

movant acted in good faith." *Id.* But "perhaps the most important single factor" to determine whether neglect is excusable is "[f]ault in the delay." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (citations and internal quotation marks omitted). "An additional consideration is whether the moving party's underlying claim is meritorious." *Id.* (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983) (discussing, in the context of a motion to set aside a default judgment, the need to avoid frivolous litigation)). Though these factors guide the court's inquiry, the excusable neglect determination, ultimately, is an equitable decision that's committed to the court's sound discretion. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (reviewing excusable neglect decision under abuse of discretion standard).

After considering the relevant factors, the court exercises its discretion to grant plaintiff's request to set aside the Judgment and allow her to file an Amended Complaint out of time. Most of the factors favor granting plaintiff leave to file an Amended Complaint out of time because (1) little danger of prejudice to defendant exists when plaintiff just filed her case in August 2018, the court never entered a Scheduling Order, and discovery hasn't commenced; (2) the length of plaintiff's delay isn't too significant—she filed her motion asking for leave to file her Amended Complaint out of time just 19 days after the original deadline expired, and (3) no evidence exists that plaintiff has acted in bad faith.

Yet, the court notes that perhaps the most significant factor in the excusable neglect determination—*i.e.*, fault in the delay—favors denying plaintiff's motion. *Jennings*, 394 F.3d at 857. Although plaintiff contends that she never has received any correspondence from the court about filing an Amended Complaint, the docket reflects that the Clerk has mailed all correspondence to plaintiff at her address of record. Our court's local rules provide that such

mailing is sufficient notice. *See* D. Kan. Rule 5.1(c)(3) ("Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice."). And if plaintiff didn't receive the mailing because she is no longer resides at her address of record, plaintiff neglected her responsibility to inform the court of any address changes. *See id.* ("Each attorney or pro se party must notify the clerk in writing of any change of address or telephone number."); *see also In re Gregory*, 24 F. App'x 921, 923 (10th Cir. 2001) (affirming district court's denial of a Rule 60(b) motion where pro se debtors failed to respond timely to a court order that was mailed to the debtors' address of record and the debtors never informed the clerk of their change of address).

Also, defendant reports that plaintiff never has complied with her Rule 26 disclosure obligations, as the court had ordered. Before the court dismissed the case on February 6, the court had ordered the parties to exchange Rule 26 disclosures by January 15, 2019. Doc. 15. The docket reflects that defendant served its Rule 26 disclosures by the deadline (Doc. 18), but it shows no service by plaintiff. And defendant reports that plaintiff still never has served her Rule 26 disclosures. *See* Doc. 20 at 2; *see also* Doc. 25 at 3. These failures provide additional examples of how plaintiff has treated her obligations with indifference.

Nevertheless, the court exercises its discretion to grant plaintiff relief under Rule 60(b)(1). The court sets aside the Judgment in this case. And, it will allow plaintiff one more opportunity to file an Amended Complaint—one that must cure the deficiencies the court previously has identified. **The court orders plaintiff to file her Amended Complaint on or before March 15, 2019. If plaintiff fails to file her Amended Complaint by this deadline, the court again will dismiss her case.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion for Extended Time" (Doc. 23) is granted.

**IT IS FURTHER ORDERED THAT** the Judgment (Doc. 22) previously entered in this case is set aside.

**IT IS FURTHER ORDERED THAT** plaintiff must file an Amended Complaint on or before **March 15, 2019**. **If plaintiff fails to do so, the court again will dismiss her case.**

**IT IS SO ORDERED.**

**Dated this 6th day of March, 2019, at Kansas City, Kansas.**

                                               **s/ Daniel D. Crabtree**
                                               **Daniel D. Crabtree**
                                               **United States District Judge**