# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ELSA T. ABRAHAM,

    Plaintiff,

v.

GOLD CROWN MANAGEMENT LLC,

    Defendant.

Case No. 18-2410-DDC-TJJ

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Entry of Appearance and Motion for Stay of Proceedings and Suggestions in Support (ECF No. 34). Defendant opposes the motion (ECF No. 35). For the reasons discussed below, the motion is denied.

Plaintiff filed this lawsuit on August 13, 2018 pro se.[1] She was granted leave to proceed in forma pauperis,[2] but her request for appointment of counsel was denied.[3] The Court conducted a status conference on November 29, 2018, ordering the parties to exchange Rule 26 Initial Disclosures by January 15, 2019 and staying all other discovery pending ruling on Defendant's motion to dismiss.[4]

On January 11, 2019, the Court denied the motion to dismiss without prejudice and granted Plaintiff leave to amend her complaint by February 1, 2019.[5] Plaintiff failed to do so, but she filed a motion for extension of time to file an amended complaint on February 20, 2019,

---

[1] ECF No. 1.

[2] ECF No. 5.

[3] ECF No. 12.

[4] ECF No. 15.

[5] *See* ECF No. 17.

alleging she had not received the Court's prior order directing her to file her amended complaint.[6]

On April 17, 2019, Defendant filed a notice of taking Plaintiff's deposition on May 8, 2019.[7] On May 10, 2019, Defendant filed an amended notice of taking Plaintiff's deposition on May 15, 2019.[8] On May 13, 2019, Plaintiff's counsel filed his entry of appearance and the pending motion to stay. Counsel states he was first contacted on May 9, 2019 "by a third party and was asked to represent" Plaintiff.[9] Counsel requests the extension because of his work schedule and argues neither party will be prejudiced by his requested 14-day extension because "no meaningful discovery has occurred and no Scheduling Order has been entered."[10] Counsel also cites Fed. R. Civ. P. 26 in support of his request.

Defendant opposes the request, noting it agreed to reschedule Plaintiff's deposition from May 8 to May 15 at Plaintiff's request to accommodate her schedule.[11] Defendant also notes Plaintiff's counsel's entry of appearance is "almost ten months after Plaintiff filed her Complaint and six months after the status conference and after this Court had already granted leave to Plaintiff to file an Amended Complaint."[12] Additionally, Defendant argues Plaintiff has, to date, failed to provide her Rule 26 materials despite the Court's earlier order.[13]

---

[6] *See* ECF No. 24.

[7] ECF No. 32.

[8] ECF No. 33.

[9] ECF No. 34 at 2, ¶ 9.

[10] *Id.* at 2–3, ¶ 13.

[11] ECF No. 35 at 3.

[12] Id.

[13] *Id.* at 1.

Whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[14] "The general policy in this district is not to stay discovery even though dispositive motions are pending."[15] There are exceptions, however, to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[16] A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[17]

Other circumstances where the Court will stay discovery include when a qualified immunity defense has been asserted. This is to allow courts to "weed out" lawsuits "without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits."[18] Further, it is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[19]

Although the Court understands the need of Plaintiff's recently-retained counsel to have more time to familiarize himself with the case, Plaintiff's failure to actively prosecute this case since its filing more than nine months ago and delay in contacting her now-retained counsel until

---

[14] *Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *2 (D. Kan. Nov. 21, 2013) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) and *McCoy v. U.S.*, No. 07–2097–CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).

[15] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

[16] *Id.*

[17] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995).

[18] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[19] *Id.* at 233 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

the day *after* her deposition was originally noticed does not justify the granting of a stay in this case.[20] Plaintiff has not met her burden to show a compelling reason to stay discovery in this case. There is no dispositive motion pending nor is there a qualified immunity defense asserted. Plaintiff has failed to make any showing of good cause to justify the requested stay.

Additionally, the Court notes Plaintiff's filing of the motion to stay does not constitute a motion for protective order that stays the taking of Plaintiff's deposition.[21] Although the date of the noticed deposition—May 15, 2019—has now passed, Defendant's counsel offered once again to reschedule the deposition, this time to May 20 or 21, 2019, to accommodate Plaintiff's counsel. Defendant has attempted to work with Plaintiff and her counsel in scheduling Plaintiff's deposition. Plaintiff shall either appear for her deposition on May 20 or 21, 2019, or on a date very soon thereafter *acceptable to Defendant's counsel*.

Finally, to any extent Plaintiff intends to file a Second Amended Complaint, Plaintiff must follow the proper procedures in accordance with Fed. R. Civ. P. 15 and D. Kan. Rule 15. Specifically, unless Defendant provides written consent to such amended complaint, Plaintiff must seek the Court's leave prior to such filing.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Entry of Appearance and Motion for Stay of Proceedings and Suggestions in Support (ECF No. 34) is denied.

**IT IS SO ORDERED.**

---

[20] After Plaintiff's counsel became involved and indicated he would be out of town and unavailable for the rescheduled May 15, 2019 deposition, Defendant's counsel offered to reschedule the deposition to May 20 or 21, 2019. Plaintiff's counsel, however, indicates he will still be out of town at that time.

[21] *See* D. Kan. Rule 26.2(b) ("A properly-noticed deposition is automatically stayed if: (1) one of the following motions has been filed: (A) motion to quash or modify a deposition subpoena . . . and (2) the objecting party has filed and served the motion upon the attorneys or parties (A) by delivering a copy within 14 days after service of the deposition notice; and (B) at least 48 hours prior to the noticed time of the deposition.").

Dated May 17, 2019, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge